IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Mary Brainard,                                           Case No. 3:14CV1439

      Plaintiff,

  v.                                                                  **ORDER**

United States Department of Homeland Security,

      Defendant.

This is a *pro se* employment discrimination action in which, pursuant to a prior order of dismissal without prejudice (Doc. 7), the plaintiff has resubmitted an application for leave to proceed *in forma pauperis*. (Doc. 10) and filed a related Motion to Recognize, etc. (Doc. 9).

The gravamen of both motions is that I should allow plaintiff to proceed *in forma pauperis*.

I disagree: plaintiff is employed with the agency that she claims has engaged in a course of gender discrimination against her. She continues to receive her salary, which currently is $77,213. In 2014 her gross salary, inclusive of overtime, was slightly in excess of $80,000.

Plaintiff's extensive affidavit portrays her difficult, even desperate financial circumstances due to her efforts to meet other obligations. Her doing so, however, reflects choices that she makes while continuing to receive a substantial salary. Whether due to mismanagement, on the one hand, or simply unanticipated, but substantial (and, possibly, ongoing) expenses on the other, the plaintiff would quite possibly find it difficult to pay the filing fee.

But those facts do not overcome the fact that the fee is, in comparison with the plaintiff's income, very modest – perhaps ten to fifteen percent of a month's net income from her job. It is not


at all unreasonable to expect her to make the investment that others in similar circumstances find the wherewithal to make. She has a regular cash flow; it's up to her to divert some of it to make the same investment in her litigation that others in similar circumstances (including, on occasion, persons who have lost their jobs) make at the outset of their lawsuit.

Moreover, and more importantly, I agree with the government that the plaintiff's affidavit about her circumstances is at best confusing, if not misleading – particularly with regard to her statement of her income. I find, accordingly, that the affidavit the government has submitted is the more reliable basis for adjudication of plaintiff's application.

Missing from her otherwise fulsome description of her financial circumstances is a straightforward statement of her monthly expenses and her assets and liabilities. It is neither the government's responsibility nor mine to try to parse her narrative to discern where her monthly income goes.

I am persuaded, on consideration of all the circumstances, that plaintiff has the wherewithal to prepay the filing fee. She is not indigent within the meaning of 28 U.S.C. § 1915.

I shall, however, grant leave to the plaintiff to file her complaint now (whereupon she must cause service of summons, with a copy of the complaint to made on the proper official of the United States government).

Once the complaint is filed, the plaintiff shall, beginning on or before April 1, 2015, pay $100 on that date and on the first of each subsequent month until she had made full payment of the filing fee. Failure to adhere strictly to this timetable shall result in dismissal of her complaint with prejudice.

It is, therefore

ORDERED THAT:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 10) and Motion to Recognize, etc. (Doc. 9) be, and the same hereby are denied; and

2. Leave be, and the same hereby is granted to plaintiff to file and serve her complaint; subject to the condition that, beginning on or before April 1, 2015, she shall pay $100 as and for the filing fee, and continue to pay such amount on the first of each month until the fee shall have been paid in full; failure to adhere strictly to this timetable shall result in dismissal of her complaint with prejudice.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge