IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Mary Brainard,	Case No. 3:14CV1439

    Plaintiff,

    v.	**ORDER**

U.S. Department of Homeland Security,

    Defendant

This is a federal worker's employment-discrimination case.

The pro se plaintiff, Mary Brainard, alleges that her co-workers discriminated against her on the basis of sex, and that her supervisor retaliated against her for complaining about the discrimination.

In a prior order, I granted in part and denied in part the government's motion to dismiss. *Brainard v. U.S. Dep't of Homeland Security*, 2016 WL 1719314 (N.D. Ohio).

I concluded that Brainard's complaint was timely, but that one of her three claims was implausible. *Id.* at *2–4. I also rejected the government's argument that Brainard's failure to name the Secretary of Homeland Security as a defendant deprived me of subject-matter jurisdiction. *Id.* at *1–2. Finally, I ordered the government to show cause why I should not, *sua sponte*, substitute Secretary Jeh Johnson in place of the Department.

Pending are the government's response to the show-cause order (Doc. 29), Brainard's response to the government's brief (Doc. 30), and the government's reply (Doc. 31).

Discussion

**A. Jurisdiction**

The first issue is subject-matter jurisdiction.

The government renews its contention that, due to Brainard's naming the Department of Homeland Security rather than its Secretary as the defendant, I lack subject-matter jurisdiction. Though I was originally skeptical of this argument, I now agree, after further study, that it is correct.

The United States enjoys sovereign immunity from suit except insofar as it has waived that immunity.

Congress has waived the United States's immunity in Title VII cases where the federal government is the employer. *Taylor v. Geithner*, 703 F.3d 328, 333 (6th Cir. 2013); *Frahm v. U.S.*, 492 F.3d 258, 262 (6th Cir. 2007). In waiving that immunity, the government correctly observes, Congress provided that "the head of the department, agency, or unit . . . shall be the defendant." 42 U.S.C. § 2000e–16(c). Entities like the Department of Homeland Security itself retain sovereign immunity and are not amenable to suit in a Title VII case.

Multiple authorities have recognized that a plaintiff's failure to name a departmental head creates a defect in the court's subject-matter jurisdiction. *Hancock v. Egger*, 848 F.2d 87, 88 (6th Cir. 1988) (affirming dismissal of Title VII case for want of subject-matter jurisdiction because plaintiff named IRS as defendant); *Soto v. USPS*, 905 F.2d 537, 539 (1st Cir. 1990); *Warren v. Dep't of the Army*, 867 F.2d 1156, 1158 (8th Cir. 1989); *Ellis v. USPS*, 784 F.2d 835, 838 (7th Cir. 1986)

Because "[s]overeign immunity is a jurisdictional bar," *U.S. v. Testan*, 424 U.S. 392, 399 (1976), the proper remedy for failing to name a departmental head as a defendant is a dismissal for lack of subject-matter jurisdiction. *E.g.*, *Taylor*, *supra*, 703 F.3d at 335 (because Congress did not

waive sovereign immunity for breach-of-settlement claims under Title VII, district court lacked subject-matter jurisdiction).

For these reasons, Brainard's pleading error bars her suit unless she can amend her complaint now to name Secretary Johnson as a defendant.

### B. Proposed Amendment

In her opposition brief, Brainard argues that I should permit her to amend her complaint to name Secretary Johnson, and that this amended pleading would relate back to her original complaint.

I reject this request for procedural and substantive reasons.

Contrary to Rule 15(a)(2), Brainard did not file a motion for leave to amend her complaint. *See Louisiana Sch. Emps'. Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010) ("[P]laintiffs failed to follow the proper procedure for requesting leave to amend. They did not actually file a motion to amend[.]"). Nor did Brainard tender a proposed amended complaint. "Normally, a party seeking an amendment should attach a copy of the amended complaint" to a motion for leave. *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014).

Given these procedural deficiencies, I decline to allow Brainard to amend her complaint.

But even assuming that Brainard's request were procedurally in order, I would not allow her to amend the complaint.

In deciding whether to permit an amendment, I consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] the futility of the amendment." *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003).

Case: 3:14-cv-01439-JGC  Doc #: 33  Filed:  11/07/16  4 of 5.  PageID #: 330

Most importantly, Brainard's own conduct has unduly prolonged this litigation and essentially brought the case to a standstill.

Brainard began the case by misrepresenting her financial circumstances, thereby winning pauper status to which she had no claim. I dismissed the case without prejudice, and, when Brainard filed a renewed motion to proceed *in forma pauperis*, she attached an affidavit that was misleading at best. (Doc. 12 at 3, 5) (detailing omissions and misstatements in second motion to proceed *in forma pauperis*).

The fee issue did not come to an end until March 27, 2015 – some nine months after she filed her complaint – when Brainard, no longer claiming to be a pauper, paid the filing fee in full.

Moreover, Brainard acknowledges that she knew she had to name Secretary Johnson as a defendant. (Doc. 15 at 1) (Brainard declaring that "I have a right to file in U.S. District Court against the U.S. Department of Homeland Security Jeh Johnson, Secretary"). Nevertheless, the case remains without a proper defendant more than two-and-a-half years after its inception.

I am of course mindful of Brainard's pro se status, and I have tried to give her a reasonable amount of leeway in prosecuting her case. But pro se litigants, just like their counseled adversaries, must follow the Rules of Civil Procedure. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000).

Brainard's conduct in seeking pauper status was in bad faith, and her failure to take the relatively simple steps of filing a proper motion for leave to amend and submitting an amended complaint demonstrates an unwillingness to litigate, or a lack of interest in litigating, the case within the framework of the Federal Rules.

For these reasons, the interests of justice do not support Brainard's request for leave to amend her complaint. That being so, and as the only defendant in the case is immune from suit, I will dismiss this case for lack of subject-matter jurisdiction.

## Conclusion

It is, therefore,

ORDERED THAT this case be, and the same hereby is, dismissed for lack of subject-matter jurisdiction.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge